UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:16-cr-20764

v.

                                           Honorable Thomas L. Ludington
JOHN RICHARD BERRY, JR.,            United States District Judge

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE**

Defendant John Richard Berry, Jr. was convicted of possessing nearly 12,000 images and 225 videos of child pornography in 2016. Given Defendant's history and characteristics—including old age and serious mental and physical health concerns—this Court imposed a below-the-Guidelines prison sentence of 55 months and imposed the statutory minimum five years of supervised release.

Defendant was released from prison in February 2021. In April 2024, having completed 38 months of his supervised release term, Defendant—now 81 years old—filed a motion seeking to terminate his supervised release because he is no longer able to care for himself and is moving to an assisted living facility. The Government and the Probation Department do not oppose the termination of Defendant's supervised release. For the reasons explained below, Defendant's Motion will be granted, and his supervised release will be terminated.

I.

On March 28, 2016, Defendant John Richard Berry, Jr. took his computer to a repair shop in Weidman, Michigan. While working on Defendant's computer, the shop's technician saw digital

files labeled "10 yo model group," "12 year old goodies," and "12 yo s on video." PSR ¶ 10. The technician opened one of these folders, observed what he believed to be child pornography, and called the Isabella County Sheriff who soon after arrived on scene, seized Defendant's computer, and obtained a warrant to search its contents. *Id.*

In early April 2016, law enforcement searched Defendant's computer and home. *Id.* ¶¶ 11–12. Throughout these searches, law enforcement uncovered 11,797 images and 225 videos of child pornography,[1] including sadistic and masochistic content, and depictions of minors who had not yet attained the age of 12. *Id.*; *see also* ECF No. 1 at PageID.3. Throughout interviews with law enforcement, Defendant admitted to watching child pornography since as early as 2000. PSR ¶ 12; *see also* ECF No. 1 at PageID.4.

In December 2016, Defendant pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* ECF Nos. 8; 16; 20 at PageID.68. The statutory maximum for this Class C felony was 20 years' imprisonment. *See* 18 U.S.C. § 2252A(b)(2). Defendant's offense level was calculated as follows:

| | |
|---|---|
| Base Offense Level for violation of 18 U.S.C. § 2252A(5)(B); U.S. SENT'G GUIDELINES MANUAL § 2G2(a)(1) (U.S. SENT'G COMM'N 2016) | +18 |
| Specific Offense Characteristics: Defendant's conduct limited to receipt or solicitation; U.S. SENT'G GUIDELINES MANUAL § 2G2(b)(1) (U.S. SENT'G COMM'N 2016) | -2 |
| Specific Offense Characteristics: material depicted prepubescent minors who had not attained the age of 12 years; U.S. SENT'G GUIDELINES MANUAL § 2G2(b)(2) (U.S. SENT'G COMM'N 2016) | +2 |
| Specific Offense Characteristics: material depicted sadistic or masochistic conduct or other depictions of violence; U.S. SENT'G GUIDELINES MANUAL § 2G2(b)(4) (U.S. SENT'G COMM'N 2016) | +4 |
| Specific Offense Characteristics: the offense involved use of a computer; U.S. SENT'G GUIDELINES MANUAL § 2G2(b)(6) (U.S. SENT'G COMM'N 2016) | +2 |

---

[1] For sentencing purposes, Defendant possessed 28,672 images of child pornography. *See* U.S. SENT'G GUIDELINES MANUAL § 2G2.2 cmt. n.6(B)(ii) (U.S. SENT'G COMM'N 2016) ("Each video . . . shall be considered to have 75 images.").

| | |
|---|---|
| Specific Offense Characteristics: the offense involved 600 or more images; U.S. SENT'G GUIDELINES MANUAL § 2G2(b)(7)(d) (U.S. SENT'G COMM'N 2016) | +5 |
| Acceptance of Responsibility; U.S. SENT'G GUIDELINES MANUAL § 3E1.1(a) (U.S. SENT'G COMM'N 2016) | -2 |
| Acceptance of Responsibility—assisting law enforcement; U.S. SENT'G GUIDELINES MANUAL § 3E1.1(a) (U.S. SENT'G COMM'N 2016) | -1 |
| **TOTAL** | 26 |

PSR ¶¶ 18–31.

With no prior criminal record, Defendant's criminal history score was zero. *Id.* ¶¶ 33–34. Thus, as both the Parties and the Probation Department agreed, Defendant's Guideline range was between 63 and 78 months' imprisonment, to be followed by a minimum five-year supervised release term. *Id.* ¶ 59; ECF No. 19 at PageID.47–49.

In March 2017, this Court sentenced Defendant to 55 months' imprisonment, to be followed by five years of supervised release. ECF No. 29 at PageID.229–30. This Court imposed this below-the-Guidelines sentence due to Defendant's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Specifically, this Court considered the following:

> (1) Defendant was 74 years old at the time of sentencing. *See* PSR ¶ 38.
> (2) Defendant had a significant educational background and had attained multiple associate degrees. *Id.* ¶¶ 50–54.
> (3) Defendant had support from his family and romantic partner. *Id.* ¶ 43.
> (4) Defendant was honorably discharged from the United States Air Force after eight years of service and spent the next twenty years as a member of the Air Force Reserves. *Id.* ¶ 56.
> (5) Defendant had no history of substance abuse and had no criminal record. *Id.* ¶¶ 32–37, 49.
> (6) Defendant was physically abused by his father. *Id.* ¶ 38.
> (7) Defendant had significant physical health concerns including neuropathy in both legs. *Id.* ¶¶ 46–47.
> (8) Defendant had significant mental health concerns including major depressive disorder, absence epileptic syndrome, and major neurocognitive disorder. *Id.* ¶ 48.

Defendant completed is his 55-month prison sentence on February 16, 2021. ECF No. 33 at PageID.267. His term of supervised release began that day and is set to terminate on February

15, 2026. On April 5, 2024, having completed 38 months—or 63%—of his supervised release term, Defendant filed a motion seeking early termination of his supervised release under 18 U.S.C. § 3583(e)(1). ECF No. 32 at PageID.262. Defendant explains that, after his release from prison, he lived in a halfway house for two months and then lived with his brother. *Id.* But Defendant suffered from frequent seizures and his brother "could no longer care for him." *Id.* at PageID.262–63. Accordingly, with the help of his brother, Defendant secured his own housing in Weidman, Michigan. *Id.* at PageID.263. However, Defendant's health has deteriorated such that "he can no longer provide adequate and proper care for himself and is seeking to be admitted into an assisted living facility in Lansing, Michigan." *Id.* at PageID.264.

      On April 16, 2024, Defendant's Probation Officer informed this Court via email that:

> [Defendant] has successfully completed sexual offender treatment while on supervised release. He has not been charged with any further violations of criminal law while on supervised release. He has reported to the probation department as instructed. [Defendant] maintains a home in Weidman, MI. He resides alone. Regular home inspections have been completed throughout [Defendant]'s term of supervised release and no violation conduct has been discovered. [Defendant]'s health has been poor over the past year or so and his mobility is somewhat limited. He is in the process of researching assisted living arrangements with the help of his family. The [P]robation [D]epartment does not oppose [Defendant]'s early termination from supervised release.

The Government similarly responded that, after "[c]onsidering the [applicable statutory] factors" and communicating with the Probation Department, it "has no objection" to the early termination of Defendant's supervised release and "leaves [Defendant's] request to the discretion of th[is] Court." ECF No. 33 at PageID.268.

## II.

      A sentencing court may terminate a term of supervised release if "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

and (a)(7)[,]" the court "is satisfied that such action is warranted by" the defendant's conduct and the interests of justice. 18 U.S.C. § 3583(e)(1).

> The relevant 18 U.S.C. § 3553(a) factors are:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> . . .
> >  (B) to afford adequate deterrence to criminal conduct;
> >  (C) to protect the public from further crimes of the defendant; and
> >  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established for—
> >  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In other words, "early termination is not warranted as a matter of course." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (citing *Lussier*, 352 F.3d at 36).

"[C]onsideration must be given to *all* the [relevant] § 3553(a) factors, even those that do not favor early termination." *United States v. Threet*, No. 1:09-CR-20523-5, 2023 WL 2201023, at *2 (E.D. Mich. Jan. 31, 2023). The movant must "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . .

remains an accurate assessment as to whether those factors justify a sentence reduction"). Each relevant 18 U.S.C. § 3553(a) factor will be analyzed in turn.

### III.

**A. Nature and Circumstances of Offense, Defendant's History and Characteristics**

The first factor to be considered is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). No one doubts the serious nature of Defendant's child pornography possession. *United States v. Robinson*, 669 F.3d 767, 776 (6th Cir. 2012) (noting "[c]hild pornography is, without qualification, a serious crime"); *see also* Carissa Byrne Hessick, *Child Pornography Sentencing in the Sixth Circuit*, 41 U. DAYTON L. REV. 381, 407 (2016) ("The Sixth Circuit has expressed concern that district court judges are minimizing the seriousness of child pornography possession."); Francis S. Monterosso, *Protecting the Children: Challenges That Result in, and Consequences Resulting from, Inconsistent Prosecution of Child Pornography Cases in A Technical World*, 16 Rich. J.L. & Tech. 11 (2010) ("The acts of producing, viewing, and disseminating child pornography are considered incredibly evil and punishable in the eyes of society.") Indeed, Defendant's possession of 11,797 images and 225 videos of child pornography, ECF Nos. 1 at PageID.3, 19 at PageID.47, is "unquestionably serious." *Robinson*, 669 F.3d at 776 (noting the same for defendant who possessed 7,1000 images of child pornography). And Defendant's conduct is particularly reprehensible because some of the pornography he possessed depicted minors who had not attained the age of 12 and sadistic or masochistic content. *See* PSR ¶ 12; *see also United States v. Schrank*, 768 F. App'x 512, 515 (6th Cir. 2019) ("This is arguably the worst of child pornography[.]").

Without discounting the serious nature of Defendant's offense conduct, Defendant's history and current circumstances must be considered. As noted by the Probation Department,

Defendant has a "solid educational background" and served a distinguished military career. PSR ¶¶ 56, 74. Aside from the underlying offense, Defendant has no criminal record and has no history of substance abuse. *Id.* ¶¶ 32–37, 49. Defendant is currently 81 years old. *See id.* ¶ 38. And Defendant's mental and physical health, which warranted a below-the-Guidelines sentence in 2017, have only deteriorated since. Defendant's neuropathy and epilepsy have progressed such that Defendant suffers from seizures and falls so frequent that he requires full time care at an assisted-living facility. ECF No. 32 at PageID.262–63. Defendant's history and characteristics, coupled with his Probation Officer's report that he has not violated any conditions of his supervised release in the past 38 months, reveal that an additional 14 months of supervised release is not in the interest of justice. This first factor weighs in favor of early termination.

### B. Deterrence and Treatment

The second factor concerns "the need for the sentence imposed" to (1) afford adequate general deterrence and protect the public from similar crimes; (2) afford adequate specific deterrence and protect the public from the defendant's crimes; and (3) provide the defendant with needed education, training, or treatment. *See* 18 U.S.C. § 3553(a)(2).

In cases like this, a criminal sentence is primarily intended to punish the offender and to deter other would-be offenders. *See United States v. Bistline*, 665 F.3d 758, 764 (6th Cir. 2012) ("Congress's long and repeated involvement in raising the offense levels for § 2G2.2 makes clear that the grounds of its action were not only empirical, but retributive—that they included not only deterrence, but punishment."). But the statute authorizing district courts to terminate a term of supervised release plainly omits punishment—§ 3553(a)(2)(A)—from the list of statutory factors that courts may consider. *See* 18 U.S.C. § 3583(e) (noting relevant factors are set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). So, "the task here is

not to determine whether Defendant deserves additional punishment but whether he requires additional deterrence or correctional services." *United States v. Merrill*, 615 F. Supp. 3d 626, 630 (E.D. Mich. 2022). Given the totality of the circumstances, he seems to require neither.

Although this Court fully recognizes that "*general* deterrence is crucial in the child pornography context to protect the public by deterring the market for such products and activities," *United States v. Schrank*, 768 F. App'x 512, 515 (6th Cir. 2019) (emphasis added) (internal quotations omitted), this Court sees no *specific* deterrence rationale to justify another 14 months of Defendant's supervised-release term. Defendant will be moving to a full-time assisted living facility where he will likely have no access to child pornography. *See* ECF No. 32 at PageID.262–63. And even if pornography was accessible over the internet at Defendant's assisted living facility, the record reveals that Defendant poses a low risk of recidivism. Indeed, the Probation Department reports that, despite living alone and having internet access during the first three years of his supervised release, Defendant has not accessed child pornography and has successfully completed sexual-offender treatment. Defendant also continues to enjoy the support of his family and community. *See* ECF No. 32 at PageID.262–63. Thus, the second factor favors early termination of Defendant's supervised-release term. *See Merrill*, 615 F. Supp. 3d at 630 (terminating child pornography-possessing defendant's supervised release term, finding low risk of recidivism, when defendant completed sex-offender treatment programs, "adjusted well after custody," and continued to enjoy the support of family).

### C. Sentencing Range

The third factor considers "the kinds of sentence and the sentencing range established for" Defendant's offense. 18 U.S.C. § 3553(a)(4).

Having pled guilty to knowing possession of child pornography portraying minors who had not attained the age of 12, in violation of 18 U.S.C. § 2252A(a)(5)(B), Defendant was subject to a maximum 20-year prison sentence and a minimum five-year term of supervised release. *See* 18 U.S.C. § 2252(b)(2). As explained *infra* Part I, Defendant was sentenced below his Guidelines range to 55 months' imprisonment because of his history and characteristics. *See* ECF No. 19 at PageID.47. And Defendant was sentenced to the minimum five years of supervised released. ECF No. 29

Despite being mandatory at the time of sentencing, Defendant's five-year term of supervised release may be terminated because he has completed at least one year of supervision. *United States v. Spinelle*, 41 F.3d 1056, 1060–61 (6th Cir. 1994) ("[A] district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a).").

Even so, Defendant received a custodial sentence below his Guidelines range, much less than the 20-year maximum authorized by Congress. See 18 U.S.C. § 2252(b)(2). For these reasons, the third factor is neutral.

### D. Pertinent Policy Statements

The fourth relevant factor considers "any pertinent policy statement" that is (1) "issued by the Sentencing Commission" and (2) "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Neither the Probation Department nor the Parties have identified any pertinent policy statements. *See generally* ECF Nos. 32; 33. And this Court is unaware of any. Thus, the fourth factor is neutral.

### E. Avoiding Unwarranted Sentencing Disparities

The fifth factor to be analyzed is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Here, Defendant has completed 38 months—63%—of his five-year supervised-release term. This Court has granted motions for early termination of supervised release under similar circumstances. *See, e.g.*, *United States v. Merrill*, 615 F. Supp. 3d 626, 631 (E.D. Mich. 2022) (terminating five-year supervised release term imposed on defendant convicted of possessing child pornography when defendant completed 39 months); *United States v. Laszlo*, No. 2:16-cr-20501 (E.D. Mich. June 24, 2019), ECF No. 6 (terminating ten-year supervised release term imposed on defendant convicted of possessing child pornography when defendant completed 36 months); *United States v. Johnson*, No. 1:14-cr-20437 (E.D. Mich. June 6, 2019), ECF No. 8 (terminating supervised release imposed on defendant convicted of receipt of child pornography when defendant completed roughly 60% of ten-year supervised-release term); *c.f. United States v. Laughton*, 658 F. Supp. 3d 540, 546 (E.D. Mich. 2023) (denying motion for early termination of supervised release when doing so "would cut more than 70% of [drug-trafficking defendant's] 10-year statutory minimum" term).

Upon consideration of these and other cases, this Court finds that granting Defendant's Motion for Early Termination would promote uniformity in sentencing. *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) (noting that § 3553(a)(6) is concerned with "national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct"). Accordingly, the fifth factor weighs in favor of early termination.

### F. Restitution

The sixth and final factor is "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Defendant was not ordered to pay restitution, ECF No. 29 at PageID.233, so this factor is neutral.

In sum, with a score of 3–0–3, the relevant 18 U.S.C. § 3553(a) factors favor early termination. Accordingly, this Court finds that early termination of Defendant's supervised release is "warranted by [his] conduct ... and the interest of justice." 18 U.S.C. § 3583(a)(1). Defendant's Motion will be granted, and his supervised release will be terminated.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 32, is **GRANTED.**

Further, it is **ORDERED** that Defendant's term of supervised release is **TERMINATED.**

Dated: April 30, 2024                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge